**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ANDREADIS JAMAINE PRICE** | ) | |
| | ) | |
| **v.** | ) | 3-08-CV-443-N |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Amarillo, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Petitioner was charged with the offense of aggravated robbery with a deadly weapon in the indictment returned in No. F-04-54876. In addition the indictment alleged a prior felony conviction for enhancement of punishment. Thereafter on December 16, 2004, Price and the prosecution entered into a plea bargain whereby he agreed to plead guilty to aggravated robbery with an affirmative finding of the use of a deadly weapon and to plead true to the enhancement paragraph in exchange for a ten-year term of deferred community supervision. On the

same date he appeared in the 265th Judicial District Court of Dallas County, pleaded guilty and was placed on a ten-year period of deferred adjudication probation in accordance with the plea agreement.[1] Price did not appeal the deferred adjudication order entered in accordance with the plea agreement.

On July 5, 2005, the terms of Price's community supervision were modified. Shortly thereafter the State filed a motion to proceed with an adjudication of guilt. On August 25, 2005, he appeared for hearing on the revocation motion at the conclusion of which the court found that Price had violated a term of probation, adjudicated him guilty of aggravated robbery and sentenced him to a term of 15 years in the penitentiary.

Price appealed his conviction. After his appellate attorney filed an *Anders* brief and a motion to withdraw, and Petitioner filed a *pro se* brief, the Fifth Court of Appeals at Dallas affirmed his conviction in an unpublished opinion filed on June 9, 2006.

He filed an art. 11.07 application on June 26, 2006, which was dismissed on September 20, 2006, because the application was filed while his direct appeal was pending, i.e. filed before the Fifth Court issued its mandate. His second art. 11.07 application was denied by the Texas Court of Criminal Appeals on January 23, 2008, on the findings of the trial court without a hearing.

His § 2254 petition was filed in this action on February 22, 2008.[2] In response to the petition

---

[1] The plea agreement also required that Petitioner pay a fine, court costs and restitution.

[2] The petition in this case was file-stamped on March 13, 2008, three weeks after the date on which Price signed it and placed it in the prison mail system. Respondent suggests that this lengthy delay was due to the petition being mailed to the state district clerk. *See* Respondent's answer at page 8, note 4. *See also* Price's rebuttal at page 2, confirming that his petition was mailed to the Dallas County District Clerk's office. However, for the purposes of this recommendation the magistrate judge uses the date of February 22, 2008. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998).

2

Respondent filed his answer asserting that merits review of Price's claims is barred by limitations, and in the alternative, that certain claims asserted are unexhausted and therefore procedurally barred and that his exhausted claims are without merit. Petitioner filed a rebuttal on June 30, 2008.

**Findings and Conclusions**: All four grounds for relief set out in the petition relate to the services of his court-appointed counsel at the time he entered his guilty plea on December 16, 2004, in exchange for a term of deferred adjudication probation. Although no formal judgment was file until August 25, 2005, when he was sentenced to a term of imprisonment, it is settled law in this Circuit that an order of deferred adjudication probation constitutes a judgment for the purposes of 28 U.S.C. § 2244. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005).

§ 2244 (d)(1) imposes a one-year period within which a state prisoner is required to seek federal habeas corpus relief. It further identifies four dates on which the period begins to run. The only one which applies in Price's case is § 2244 (d)(1)(A) to wit: the date on which the judgment became final. As noted above, he did not effect a direct appeal from the order which placed him on probation. Therefore, the latest date on which the one-year period would have begun is January 15, 2005. *See* Tex.R.App.P. 4.1 (a) and (b)(1).[3]

Although he appealed the court's adjudication of guilty and his resulting penitentiary sentence on his previously entered plea of guilty, the time within which to present claims relating to his attorney's conduct in the proceeding which resulted in his deferred adjudication probation expired on January 15, 2006, more than five months before he filed his initial state habeas

---

[3]Price had no right to appeal his bargained for probation and the trial court refused to certify a direct appeal. *See* App. No. 05-05-01282-CR [No. F-04-54876-MR], Record Vol. One at 16. In addition, the court record would not have any ineffective assistance of counsel claim in the context of a direct appeal.

application which did not constitute a "properly filed" state application. *See e.g. Larry v. Dretke*, 351 F.3d 890, 894 (5th Cir. 2004), and nearly nine months before he filed his second, properly filed state habeas application.

Price has failed to present a meritorious basis for the application of equitable tolling. To be entitled to equitable tolling a habeas corpus petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his petition. *See United States v. Perry,* 530 F.3d 361, 365 (5th Cir. 2008) (citing *Lawrence v. Florida,* ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007).

The question of whether equitable tolling should be applied turns on the facts and circumstances in each individual case, *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) and is permitted only "in rare and exceptional circumstances," *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

Price has not shown that he diligently pursued his claims that he was denied effective assistance of counsel at the time he was represented by Mr. Robertson and obtained a deferred adjudication probation. In light of the extremely favorable result obtained by Mr. Robertson it is not surprising that Petitioner did not collaterally attack the representation he received, but it is clear that he had an avenue of relief available under Texas state law. *See Caldwell v. Dretke, supra,* 429 F.3d at 529, identifying arts. 11.05, 11.08 and 11.23 of the Texas Code of Criminal Procedure as available remedies for persons on deferred adjudication probation. Further, ignorance of the law or lack of legal assistance does not excuse a state petitioner's obligation to pursue relief with diligence. Finally, it should be noted that at the time his probationary term was revoked less than eight months had expired from January 15, 2004, the last date on which the order placing him on deferred

adjudication probation could have become final for the purpose of § 2244, *supra.* "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Respondent's motion to dismiss be granted and that the petition be dismissed as being time-barred. *See* 28 U.S.C. § 2244 (d)(1)(A).

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 20th day of October, 2008.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.